IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE NANCE, <br> STAGE PRODUCTIONS MUSIC <br><br> Plaintiffs, <br><br> v. <br><br> EQUINOX MUSIC, a division of AVI MUSIC PUBLISHING GROUP, INC. and its affiliates, subsidiaries, successors and assignees; A.V.I. ENTERTAINMENT GROUP INC., A.V.I MUSIC PUBLISHING GROUP, INC., A.V.I. RECORD DISTRIBUTION CORPORATION ("AVI"); EMBASSY MUSIC CORPORATION; MUSIC SALES CORPORATION; AMERICAN VARIETY INTERNATIONAL ("AVI") and all of their affiliates, subsidiaries, successors, and assignees; RAYMOND HARRIS; and other corporation(s) connected to sales of "Airpower", <br><br> Defendants. | Case No. 09-cv-7808 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Defendant Raymond Harris ("Harris") filed his Motion for Judgment on the Pleadings seeking dismissal of all claims against him in Plaintiffs Willie Nance and Stage Productions Music's (collectively "Plaintiffs") First Amended Complaint ("FAC"). The FAC asserts three claims against Harris seeking: (1) termination of certain copyrights granted to Defendant Equinox Music; (2) damages for breach of contract; and (3) damages for fraudulent misrepresentation. Harris alleges that Plaintiffs are not entitled to seek termination of the copyrights as relief against him and that Plaintiffs' other claims

are barred by the applicable statute of limitations. For the reasons that follow, the Court grants Harris's motion.

## BACKGROUND

Plaintiff Willie Nance ("Nance") is a songwriter and owner of Plaintiff Stage Productions Music ("Stage Productions"). (Dkt. No. 13 ¶¶ 5-6.) On July 31, 1978, Plaintiffs and Donald Burnside[1] ("Burnside") entered into a Standard Songwriter's Contract ("the Agreement") with Defendant Equinox Music ("Equinox"), which is a division of Defendant AVI Music Publishing Group, Inc. ("AVI Publishing"). (*Id.* ¶ 11.) According to the Agreement, Stage Productions and Equinox were both "Publishers" and were to each own 50% of the publishing receipts of the songs composed under the Agreement. (*Id.* ¶ 13.) Nance and Burnside were both "Writers" who assigned their rights in a musical composition titled "BE YOURSELF" to the Publisher, including the right to secure copyrights for the composition. (*Id.* at Ex. 1 p. 1.) The Publisher agreed to pay royalties to Nance and Burnside in January and July of each year for copies of the composition sold in the United States and Canada. (*Id.*) The Publisher had the right to assign, transfer, or sell any copyright granted pursuant to the Agreement as long as the Publisher retained a royalty participation arising out of the copyright. (*Id.* ¶ 5(d).) Harris executed the Agreement as an authorized signer on behalf of Equinox. (*Id.* p. 4.)

Plaintiffs allege that they wrote an additional song titled "WELCOME TO DISCO" in 1979 that fell under the terms of the Agreement. (Dkt. No. 13 ¶ 15.) Defendants allegedly combined the two compositions into a third song titled "AIR POWER." (*Id.*) Plaintiffs allege that AIR POWER and a remixed version of BE YOURSELF are currently available for sale and are generating royalties. (Id. ¶¶ 16-17.)

---

[1] Mr. Burnside is not a party to this action.

Plaintiffs further allege that Nance received a letter stating that 25,000 copies of AIR POWER were sold during the first six weeks of its release in 1979. (Dkt. No. 13 ¶ 41.)[2] The United States Copyright Office lists Defendant A.V.I. Record Distribution Company ("AVI RDC") as the registered owner of the AIR POWER copyright. (*Id.* ¶ 28.)

Plaintiffs filed the FAC after their attempts to seek an accounting of the receipts resulting from sales of AIR POWER proved unsuccessful.[3] (*Id.* ¶¶ 23-31.) The FAC seeks a termination of AVI RDC's copyright, return of the masters for BE YOURSELF, WELCOME TO DISCO, and AIR POWER, as well as unspecified monetary damages for breach of the Agreement and for fraudulent misrepresentation. (*Id.* pp. at 15-16.) Plaintiffs also seek the establishment of a system of accounting for any sales of AIR POWER subsequent to final judgment. (*Id.* at p.16.)

## **LEGAL STANDARD**

Under Rule 12(c), a party can move for judgment on the pleadings after the filing of both the complaint and answer. *Brunt v. Serv. Emp. Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). A district court reviews Rule 12(c) motions under the same standard as a motion to dismiss under Rule 12(b). *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A court will grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Id.* While a district court will view the facts in the complaint in the light most favorable to the nonmoving party, a court is not obligated to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to

---

[2] Although the Plaintiffs refer to this letter as Exhibit 16, the Plaintiffs did not attach an Exhibit 16 to the First Amended Complaint.

[3] Aside from Harris, Embassy Music Corporation and Music Sales Corporations are the only defendants who have filed appearances. (Dkt. Nos. 25-27.) Both have since reached a settlement with Plaintiffs and were dismissed with prejudice on June 10, 2010.

3

unsupported conclusions of law. *Id.* If matters outside of the pleadings are presented to and not excluded by the court, then the motion must be converted to one for summary judgment. *R. J. Corman Derailement Serv. LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2002).

In considering a Rule 12(c) motion, a court must first determine what documents constitute the pleadings. *City of S. Bend*, 163 F.3d at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Id.*; *see also* Fed. R. Civ. P. 10(c). The Seventh Circuit has interpreted the term "written instrument" to include such documents as affidavits, letters, contracts, and loan documentation. *City of S. Bend*, 163 F.3d at 453 (collecting cases).

## DISCUSSION

### 1. The Pleadings

We first consider what documents we may consider under Rule 12(c). Rule 12(c) permits a judgment based on the pleadings alone. The pleadings here consist of the FAC, Exhibits 1 through 15 attached to the FAC, and Harris's Answer and Affirmative Defenses. (Dkt. Nos. 13 and 16.) In response to Harris's motion for judgment on the pleadings, Plaintiffs filed a motion titled "Plaintiffs' Response In Opposition to Defendant Raymond Harris' Motion for Summary Judgment" and attached ten numbered exhibits. (Dkt. No. 42.) The Court declines to treat Defendant's opposition motion as one for summary judgment and will not consider the exhibits attached to Plaintiffs' opposition motion despite its title.

4

### 2. Count I – Termination of A.V.I. Record Distribution Corporation's Copyright

In Count I, Plaintiff seeks the termination of the copyrights granted to AVI RDC under the Agreement. According to the Agreement, Nance and Burnside are the original owners of BE YOURSELF with Nance owning a 22.8% and Burnside owning a 72.8% share of the composition. Plaintiffs allege that AVI RDC is the registered owner of the BE YOURSELF copyright. (Dkt. No. 13 ¶ 28.) Thus, if Plaintiffs are entitled to termination of the BE YOURSELF, WELCOME TO DISCO and AIR POWER copyrights, that termination would be effective as to AVI RDC as the registered owner.

The pleadings fail to establish that Plaintiffs are entitled to terminate the copyrights granted to AVI RDC. The Copyright Act, 17 U.S.C. §§ 101 *et seq.*, provides that the authors(s) of an original work may terminate a grant or license of a copyright executed on or after January 1, 1978 as follows:

> The termination shall be effected by serving an advance notice in writing, signed by the number and proportion of owners of termination interests …, or by their duly authorized agents, upon the grantee or the grantee's successor in title…(A) A copy of the notice shall be recorded in the Copyright Office before the effective date of termination, as a condition to its taking effect.

17 U.S.C. § 203(b)(4). Plaintiffs have not alleged that they effectuated termination by serving notice in writing to AVI RDC nor have they alleged a copy of the notice was provided to the U.S. Copyright Office. Plaintiffs also have not alleged that Burnside, as co-owner of the original BE YOURSELF composition, has assigned his rights to Nance or has otherwise agreed to the termination. The FAC fails to establish that Plaintiffs have availed themselves of their statutory right to terminate the license. This Court will not

5

grant a party relief where the party can obtain all the relief to which he or she is entitled without resort to judicial intervention. *See, e.g., Tinsley v. United Parcel Serv., Inc.*, 665 F.2d 778, 780 (7th Cir. 1981). The pleadings fail to establish that Plaintiffs are entitled to any relief under Count I against Harris or any other entity. Accordingly, this Court finds for Harris on Count I.

### 3. Count II – Breach of Contract

Plaintiffs allege in Count II that all defendants breached the Agreement by failing to pay Plaintiffs any royalties earned on sales of AIR POWER. (Dkt. No. 13 ¶¶58-59.) Plaintiffs and Harris both concede that California law governs the Agreement, which does not contain a termination provision. (Dkt. No. 37 p. 4; Dkt. No. 42 p. 11.) This Court will apply the law of another forum in contract actions so long as that law does not violate fundamental Illinois public policy. *Fulcrum Fin'l Planners v. Meridian Leasing Corp.*, 230 F.3d 1004, 1011 (7th Cir. 2000). Under both California and Illinois law, a contract for an indefinite period is terminable at will by either party. *See, e.g., Walthal v. Rusk*, 172 F.3d 481, 485 (7th Cir. 1999); *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 585 (9th Cir. 1993). Thus, California law does not violate Illinois public policy and this Court will apply California law to Plaintiffs' contract claims.

Harris argues that Plaintiffs' breach of contract claim is barred by the applicable statute of limitations. (Dkt. No. 37 pp. 4-5.) Under California law, the statute of limitations on a claim for breach of a written contract is four years. CAL. CODE CIV. PROC. § 337(1); *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 220-21 (Cal. Ct. App. 1991). Under the "discovery rule," California courts have held that a cause of action for breach of contract accrues when a party discovers or should have

6

discovered, through the exercise of reasonable diligence, all of the facts essential to his cause of action. *April Enter., Inc. v. KTTV*, 147 Cal. App. 3d 805, 806 (Cal. Ct. App. 1983). The discovery rule is followed in cases where a party is prevented from knowing that he or she has been harmed or where a breach is fraudulently concealed or misrepresented by the defendant. *Gryczman v. 4550 Pico Partners, Ltd.*, 131 Cal. Rptr.2d 680, 684 (Cal. Ct. App. 2003).

Here, the Plaintiffs allege that they were aware in 1979 that 25,000 copies of AIR POWER were sold within weeks of the title's release. (Dkt. No. 13 ¶¶ 45, 54.) Plaintiffs also allege that they unsuccessfully attempted to obtain an accounting of AIR POWER sales in 1985 and that defendants promised in February 1985 to "immediately" gather the relevant materials to provide the accounting. (Dkt. No. 13 ¶¶ 23, 41, Ex. 4 .) The limitation period on Plaintiffs' breach of contract claim began to accrue once Plaintiffs realized that no accounting would be forthcoming. Through the exercise of reasonable diligence, Plaintiffs should have known all the facts necessary to file their breach of contract claim by the end of 1985. Plaintiffs' original complaint was not filed until December 16, 2009 (Dkt .No. 1), nearly 25 years later and well beyond the limitations period.

In opposition, Plaintiffs argue that the limitation period should be tolled pursuant to section 583.340 of the California Code of Civil Procedure. (Dkt. No. 42 p. 10.) We disagree. Section 583.340 applies only to compute the time in which pending litigation must be brought to trial. It does not toll the statute of limitations and has no application to the matter at hand. Plaintiffs' breach of contract claim was not timely filed. We find in favor of Harris on Plaintiff's breach of contract claim.

It is also important to note that Harris was not a party to the Agreement. The Agreement states:

> THIS CONTRACT is made this 31st day of July 1978 by and between EQUINOX MUSIC a division of AVI MUSIC PUBLISHING GROUP, INC. and STAGE PRODUCTIONS.

(Dkt. No. 13 at Ex. 1.) Harris signed the Agreement on behalf of Equinox Music. (*Id.* at p. 4.) Plaintiffs allege that Equinox was a corporation incorporated at various times in either California or Tennessee. (Dkt No. 13 ¶ 7.) The general rule is that an officer of a corporation is not liable for the corporation's obligations. *Smith v. Simmons*, No. 1:05-cv-01187-OWW-NEW, 2007 WL 2815033, at *3 (E.D. Cal., Sept. 25, 2007). Plaintiffs have not asserted an alter ego or any other theory for holding Harris liable for Equinox's duties under the Agreement. Plaintiffs have no basis to recover relief against Harris resulting from any breach of the Agreement. We find that judgment is proper for Harris on Plaintiffs' breach of contract claim.

### 4. Count III – Fraudulent Misrepresentation

In Count III, Plaintiffs allege defendants made false statements of material fact when they entered into the Agreement and promised to pay royalties. (Dkt. No. 13 ¶ 64.) Plaintiffs further allege that defendants made these statements with the intent to induce Plaintiffs to enter into the Agreement. (*Id.* at ¶ 66.) Harris argues that this claim is time-barred by the three year statute of limitation for fraud claims under California law. (Dkt. No. 37 p. 7.) CAL. CODE CIV. PROC. § 338(d). The limitations period does not accrue until "the discovery, by the aggrieved party, of the facts constituting fraud or mistake." *Id.* As discussed in Section 3 above, the Plaintiffs should have been aware of the essential facts giving rise to the alleged fraud claim by the end of 1985 when Equinox

Music failed to provide an accounting of AIR POWER sales.  The limitation period on Plaintiffs' fraudulent misrepresentation period expired no later than the end of 1988. Plaintiffs' complaint was not filed within the limitations period applicable to fraud claims.  We find Harris is also entitled to a judgment in his favor on Plaintiffs' fraudulent misrepresentation claim.

## **CONCLUSION**

For the foregoing reasons, this Court grants Defendant Harris's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

October 22, 2010
Dated

Hon. Sharon Johnson Coleman
United States District Court